Curia, per

Butler, J.
Judge Johnson’s opinions in the cases of Cannon v. Hatcher, 1 Hill, 266, and Pearson v. Dansby and Nelson, 2 Hill, 466, are founded in good sense, and are, it seems to me, entirely in conformity with judicial decisions in the United States. The distinct position which I extract from these decisions, is this, that a plaintiff, showing title in himself, may maintain trespass quare clausum fregit, for a trespass on vacant and wild lands, although he has never had actual possession, either by formal entry or occasional occupancy. His title gives him the constructive possession; as Judge Johnson expresses it, his title to the locus in quo draws after it the constructive possession. Judge Story, in a case report *267 ed m 8 Cran. 249, comes to, this conclusion on one of the questions in the case : “ We are entirely satisfied that a conveyance of wild or vacant lands gives constructive seizure thereof in deed to the grantee,'and attaches to him all the legal remedies incident to the estate.” The practice of making entry on land and becoming seized thereof by turf and twig, was a ceremony of feudal origin, and is utterly inapplicable to the state of things in this country. It would certainly be a very inadequate declaration of ownership to forest lands in this country, to go into a swamp, in the presence of witnesses, and cut and deliver a twig and pick up or throw a piece of dirt. A deed executed in the presence of witnesses and recorded in a public office would be much higher evidence of seizure in the proprietor, and notice to the world. There is some sense in this, but none in the other; for one is always practicable, whilst the other is not. These views obviate the objection that trespass guare clausum fregit is always brought to recover damages for a wrong done to the possession — the constructive possession being considered to be in the party having the title; It is unnecessary to refer to any other decisions which have been made in the United States on this subject. The cases referred to in our own State are enough to sustain the position which I have stated — and which disposes of defendant’s first ground of appeal.
His 2d ground is, that plaintiff having aliened the land before he brought his action, although it was after the trespass complained of was committed, he has thereby deprived himself of any right to bring this action. If this position could be sustained the defendant would be answerable to no one for bis trespass ; for the person to whom plaintiff has sold, certainly Cannot sue for a trespass committed before he acquired title. At the time the trespass was committed, the land and trees destroyed or appropriated by defendant, belonged to the plaintiff. The injury was done to his possession and freehold then, and not to the possession and freehold of a subsequent purchaser without notice. The defendant may have committed fin irreparable injury to the laud by cutting down timber which constituted the principal value of the laud ; and to say that he should not be answerable to some one would be an anomaly in the law, inconsistent with its justice and wisdom, which always give an adequate remedy for every wrong. It was said that the plaintiff could have avoided this consequence, by keeping the land till this case was decided. It would, indeed, be strange, if a defendant, by his own wrong and illegal proceedings could abridge the rights of the plaintiff in the free use and enjoyment of his land, by committing a trespass on it; that he could compel him to release a right of action for a trespass — because the plaintiff thought proper to sell the land. No such consequence will follow, as may be seen by the *268 decision of the cases of Weaver & Ingram, 1 N, & McC. 207, and Stockdale & Young, 2 McC. 531.
The motion of defendant for a non-suit is refused.
Gantt, Richardson, Evans, and Earle, JJ. concurred.